**EXHIBIT 8**



February 16, 2024

**VIA USPS [AND EMAIL]**

Gary S. Silverman, Esq / gsilverman@silvermanlegal.com
Silverman Theologou
11835 West Olympic Boulevard, Suite 855E
Los Angeles, CA 90064

      **Re: Joshua Scott Miller/ Bankruptcy Case Number: 23-90171-E-7**
      **Your client: Lafayette Federal Credit Union**

Dear Gary S. Silverman:

    Please be advised that our office has been retained to represent Joshua Scott Miller with respect to his claims against Lafayette Federal Credit Union for violating the Automatic Stay provided by bankruptcy law.

**I.      BACKGROUND**

    In early 2021, Mr. Joshua Scott Miller borrowed funds from your client, Lafayette Federal. Mr. Joshua Scott Miller, however, fell on hard times and was unable to make his payments.

    On April 20, 2023, Joshua Scott Miller filed a Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Eastern District of California, Petition No. 23-90171-E-7. [Exh. A]. Joshua Scott Miller listed Lafayette Federal Credit Union as a creditor in his petition schedules and the Bankruptcy Noticing Center ("BNC") promptly mailed a notice of the bankruptcy filing (and the resultant Automatic Stay) to Lafayette Federal Credit Union on or about April 26, 2023. [*Id.*, Exh. B.

    The BNC Notice set forth, *inter alia,* that

> [t]he filing of the [bankruptcy] case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, asset a deficiency, repossess property, or otherwise try to collect form the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise.

[*Id.*]

Despite receiving notice of Joshua Scott Miller's bankruptcy discharge from the BNC, however, Lafayette Federal Credit Union nevertheless recorded a UCC Financing on May 1, 2023 with the Calaveras County Recorder's Office.

Lafayette Federal Credit Union has violated the Bankruptcy Court's Automatic Stay and is liable to Joshua Scott Miller therefor.

## I. ANALYSIS

### A. Lafayette Federal Credit Union Violated The Bankruptcy Court's Automatic Stay

A bankruptcy petition "operates as a stay" against, *inter alia*, "the ... continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was ... commenced ... before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

Here, the Automatic Stay against debt collection activity vis-à-vis Joshua Scott Miller arose when he filed his bankruptcy petition on April 20, 2023. *See TooBaRoo, LLC v. Burri Props., LLC (In re W. Robidoux)*, No. 22-mc-9005-NKL, 2022 U.S. Dist. LEXIS 224151 (W.D. Mo. Dec. 13, 2022) (holding that all post-bankruptcy acts taken by the creditor "including the filing of the state court lawsuit, have violated § 362(a)(6)"); *see also In re Goodfellow*, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003) (explaining that with "the passage of § 362, Congress intended the automatic stay to stop 'all collection efforts, all harassment, and all foreclosure actions' and 'prevent creditors from attempting in any way to collect a prepetition debt.'"); *see also LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999) (The automatic stay "is triggered upon the filing of a bankruptcy petition regardless of whether the other parties to the stayed proceeding are aware that a petition has been filed.") (quoting *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995).

By continuing to pursue (and obtaining) a filing of a UCC Financing Statement on May 1, 2023 while the automatic stay was in effect, Lafayette Federal Credit Union "continued" to take action against the debtor and his property against Joshua Scott Miller in violation of the automatic stay. Lafayette Federal Credit Union has a duty to restore the pre-petition status quo by vacating UCC Financing Statement *See Waswick v. Stutsman Cty. Bank (In re Waswick)*, 212 B.R. 350, 353 (Bankr. D.N.D. 1997) (explaining that "once notice was given that the petition relief had been filed ... failure to undo the technical violation of the stay constituted contempt" where a creditor refused to vacate a postpetition entry of default judgment) (quoting *In re Taylor*, 190 B.R. 459, 460-61 (Bankr. S.D.Fla. 1995)).

### B. Lafayette Federal Credit Union is Liable for the Automatic Stay Violation

A bankruptcy court may award damages against a party for an automatic stay violation if the violation was "willful." 11 U.S.C. § 362(k)(1). A "willful" violation does "not require proof of a specific intent to violate the stay, but rather an intentional violation by a party aware of the

bankruptcy filing." *Transouth Fin. Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999)

The automatic stay violation here stemmed from unquestionably intentional acts in that Lafayette Federal Credit Union intended to place a lien against the debtor's residence by filing the UCC Financing Statement more than two years after obtaining a loan from them, and a few weeks after the debtor filed bankruptcy. Lafayette Federal Credit Union's liability for the stay violation is not seriously in question either.

As for the damages available to redress such a willful violation of the Automatic Stay, bankruptcy courts may award, *inter alia*: a) compensation for the debtor's emotional distress and other actual damages; and b) the debtor's costs and attorneys' fees incurred 11 U.S.C. § 362(k)(1); *Rowell v. Chase Manhattan Auto. Fin. Corp. (In re Rowell)*, 359 F. Supp. 2d 645, 647 (W.D. Mich. 2004).

Here, the debtor is in the process of selling his home, he was made aware that Lafayette Federal Credit Union recorded a UCC Financing Statement years after taking out the loan, and weeks after filing his Chapter 7 Bankruptcy causing debtor anxiety and delay in listing his home for sale. As a result, a substantial award for Mr. Miller's emotional distress is likely here.

Debtor listed his property for sale on January 24, 2024. Since UCC filings are a matter of public record, Debtor believes he may have lost out on potential offers due to this purported UCC lien.

In addition, Joshua Scott Miller involved the undersigned counsel and accrued attorneys' fees to halt further violations of the discharge order by Lafayette Federal Credit Union. A significant award is likely on that basis as well.

## II. **SETTLEMENT OFFER**

To avoid bringing this matter to the Bankruptcy Court, my client is willing to release his automatic stay claim in return for a payment of ▇▇▇▇▇ from Lafayette Federal Credit Union. This settlement offer will expire if not accepted in writing within 30 days of the date of this letter.

Thank you for your prompt attention to this matter.

Sincerely

*/s/ Steven A. Alpert*

Steven A. Alpert, Esq.